## DANIEL PARKER *versus* PETER PATTEE.

A, being in debt, delivered goods to B, one of his creditors to whom he was indebted in a greater sum than the value of the goods with a bill of parcels describing the goods and the prices, and stating that the same were bought by B, and that A had received payment. It was at the same time agreed that the goods should be sold by B and the proceeds applied to the payment of the debt due to B, and if any thing remained, B should account for it with A—it was held that this agreement was a fraud which rendered the sale void with respect to creditors.

THIS was an action of trespass *de bonis asportatis.* The defendant pleaded in bar, that he, being a deputy sheriff, took the goods as the property of Jonathan Palmer, by virtue of a writ of attachment in favor of Howard & Gordon, against Palmer, and traversed the property of the plaintiff in the goods, and issue was joined on the traverse.

The cause was tried here at April term, 1826, when it appeared in evidence, that Palmer being deeply in debt,

on the 7th November, 1821, made out a bill of parcels as follows :—

"Mr. Daniel Parker bought of Jonathan Palmer, Bedford, November 7, 1821," (then the articles mentioned in the plaintiff's writ were enumerated and the price set down, the amount of the whole being $2009,73.) "Received payment, November 7, 1821.

### JONATHAN PALMER."

This bill of parcels was delivered to the plaintiff who took possession of the goods before the defendant attached them, and at the time of the making of said bill of parcels, Palmer was indebted to the plaintiff in a sum much larger than the value of the goods. But it appeared from the testimony offered by the plaintiff, that at the time of making said bill of parcels it was agreed between Palmer and the plaintiff that the latter should dispose of the goods, and with the proceeds discharge his own claims against Palmer and account with P. or his creditors, for the surplus, if any should remain.

The defendant's counsel objected that the sale being on the face of the bill of parcels absolute, the agreement to account for the surplus must be considered as a secret trust, and in law a fraud that rendered void the contract.

To this it was answered on the part of the plaintiff, that the bill of parcels did not purport to contain the whole contract, and that therefore the contract to account for the surplus could not be considered as inconsistent with the contract in writing, and that as the trust related only to the surplus, and it turned out that in fact there was no surplus, such a trust could not affect the contract.

But the court directed a verdict to be taken for the defendant subject to the opinion of the court upon the foregoing case.

*Woodbury* and *Bowman*, for the plaintiff.

*Wilkins* and *Fletcher*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It must be now considered as settled law in this state, that when goods are sold by a person in debt and a bill of sale absolute on its face given, any secret reservation of an interest in the goods to the seller, must be considered with respect to his creditors, a fraud, and as to them will render void the contract. The grounds and reasons of the law on this point are stated and explained in *Coburn* v. *Pickering*, 3 N. H. Rep. 415, and need not be here repeated.

The question, which this case presents for our decision, is, whether when goods are sold by a person in debt and a bill of parcels given by him acknowledging a purchase of the goods and the receipt of payment, a secret reservation of an interest in the goods to the seller, will render void the contract as to creditors ? Or in other words, the question is, whether the same rule of law applies where a bill of parcels is given in such a case as where a bill of sale is given ?

The most material distinction between a bill of sale and a bill of parcels, is, that the latter does not purport to contain the whole contract, and either of the parties to it is at liberty to explain fully the nature of the contract. 2 N. H. Rep. 506, *Wallace* v. *Rogers*. But a bill of parcels is *prima facie* evidence against him who signs it.

The reason why the law denounces as wanting in good faith and fraudulent, a bill of sale purporting an absolute conveyance of property, but attended with a secret trust, is, that it holds out false colours ; that it is evidence to prove the contract to be different from what it is in reality, and is calculated to deceive and mislead creditors and may be used for that purpose. And the law presumes, that he who buys goods of a person in debt and takes evidence of the contract which is in its nature false, intends to use it for the purpose of deception, and to defeat that purpose declares the contract to be void for that cause.

The principle does not rest then upon the nature of the written instrument, but upon its tendency to deceive.

And we have no doubt that a sale without any written contract, but declared before witnesses to be absolute, when in fact attended with a secret trust, is as much void as if a bill of sale were given. And a bill of parcels stands on the same ground. Indeed a bill of parcels is, perhaps, better calculated to deceive than a bill of sale, which has been so often used for fraudulent purposes as to have become somewhat suspicious.

The law on this subject is not unreasonable. To guard against fraud it requires certain signs of honesty. One of these signs is that the contract in these cases, if reduced to writing, or in any way made public, shall be truly stated and so as not to be calculated to deceive and mislead.

If the intent and purpose was honest and fair in the transaction, we are now examining, why did the plaintiff take a bill of parcels ? It is admitted that he only took the goods to sell and account for the proceeds. If all was *bona fide* done, why not state the truth ? No explanation of this course has been attempted. No reason is suggested why a bill of parcels was taken by the plaintiff, and we are clearly of opinion that the sale must be considered as fraudulent with respect to creditors.